**Joseph B. COLEMAN, Plaintiff,**

v.

**Margaret M. HECKLER, Secretary of Health and Human Services, Defendant.**

**Civ. A. No. 83–M–342.**

United States District Court, D. Colorado.

Sept. 29, 1983.

Ruth K. Vogel, Denver, Colo., for plaintiff.

John Barksdale, Jimmye S. Warren, Asst. U.S. Attys., Denver, Colo., for defendant.

## MEMORANDUM OPINION AND ORDER

MATSCH, District Judge.

Joseph B. Coleman ("the plaintiff") brought this action pursuant to 42 U.S.C. §§ 405(g) and 1383(c)(3) for judicial review of a final decision of the Secretary of Health and Human Services ("the Secretary"), denying a claim for Social Security and Supplemental Security Income disability benefits under 42 U.S.C. §§ 423 and 1381a. The administrative record has been filed and several issues were briefed. Oral argument was heard by the court on September 1, 1983.

The Administrative Law Judge ("ALJ") conducted a hearing on May 21, 1982, during which the plaintiff testified and was represented by counsel. On August 24, 1982, the ALJ determined that the plaintiff was not eligible for disability benefits. The ALJ's decision became the final decision of the Secretary when on December 29, 1982, the Social Security Administration Appeals Council concluded that there was no basis for granting a request to review the ALJ's decision. The only issue before the court is whether the ALJ's findings are supported by substantial evidence in the administrative record. *See* 42 U.S.C. § 405(g). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Broadbent v. Harris,* 698 F.2d 407, 414 (10th Cir.1983).

The plaintiff was born on September 21, 1937, and was forty-four years old at the time of the administrative hearing. He has an eighth grade education and has worked exclusively as a truck driver. He is married and has one dependent child living with him.

The plaintiff claims disability based on a back ailment. After reviewing the evidence, including that in the form of doctors' medical reports, the ALJ found that the plaintiff suffered from osteoarthritis, and that this impairment prevented him from performing his past relevant work. At the fifth step of the sequential evaluation process required by the regulations, *see* 20 C.F.R. § 404.1520, the ALJ concluded that the plaintiff had residual functional capacity to perform at least sedentary work. The SSA and SSI regulations give identical definitions to the term "sedentary work":

> (a) **Sedentary Work.** Sedentary work involves lifting no more than 10 pounds at a time and occasionally lifting or carrying articles like docket files, ledgers, and small tools. Although a sedentary job is defined as one which involves sitting, a certain amount of walking and standing is often necessary in carrying out job duties. Jobs are sedentary if walking and standing are required occasionally and other sedentary criteria are met. 20 C.F.R. § 404.1567 and 416.967.

The finding that the plaintiff could perform sedentary work ultimately led to the conclusion that the plaintiff was not disabled.

The ALJ's opinion contains three serious defects, each of which is sufficient to remand the case for additional consideration and further proceedings.

The first defect concerns the ALJ's consideration of the medical report of Dr. Jan Updike. Dr. Updike determined that the plaintiff was unable to sit, stand or walk for more than an hour at a time, and that over the course of an eight hour work day the plaintiff could not sit for more than three hours, stand for more than two hours, or walk for more than three hours. Opinion evidence that a claimant cannot sit for more than three hours during an eight-hour work day, contained in the medical report of a treating physician, denies the existence

of residual functional capacity to perform sedentary work. The quoted regulatory definition of a sedentary job as one which involves no more than occasional standing and walking implies a primary requirement that the person be capable of sitting all day. If the ALJ found Dr. Updike's report not to be persuasive because it was not credible or that it was outweighed by other evidence, that finding should have been made explicitly with appropriate explanation. Here, the ALJ made a very general finding that the plaintiff's complaints regarding pain were less than fully credible. That finding is not responsive to Dr. Updike's opinion and can only be considered as an evaluation of the plaintiff's testimony during the administrative hearing.

█ The administrative record contains no probative evidence contradicting the medical opinion of Dr. Updike regarding the durational limitations on the plaintiff's ability to sit, stand and walk. There is a report from Colorado Disability Determination Services suggesting that the durational limitations are not so severe, but the record does not indicate that the report's author ever examined the patient. At oral argument counsel for the Secretary agreed with the court's view that such a report had no evidentiary value. There being no other significant evidence on point, and the ALJ having failed to make findings regarding the plaintiff's capacity to sit, stand and walk to the extent required by "sedentary work," with regard to this first issue it must be concluded that the record lacks substantial evidence supporting the ALJ's conclusion. Indeed, the evidence seems to support a contrary conclusion.

█ The second defect relates to the ALJ's finding regarding the plaintiff's pain. In Finding No. 3, the ALJ said:

"The administrative law judge finds the claimant's allegations of pain to be less than fully credible to the degree alleged."

While the credibility of a claimant's subjective allegations of pain is to be resolved by the ALJ, there must be some factual basis in the record supporting the ALJ's finding. *Hogan v. Schweiker*, 532 F.Supp. 639, 645 (D.Colo.1982) *citing Bowser v. Schweiker*, Civil Action No. 81–M–90, slip op. at p. 4 (D.Colo. Sept. 4, 1981) *and Weber v. Schweiker*, Civil Action No. 80–M–1260, slip op. at p. 3 (D.Colo. March 25, 1981) and other authorities. The ALJ offered no explanation for his disbelief of the plaintiff's sworn testimony. 42 U.S.C. § 405(b) has been interpreted as requiring the Secretary to make "full and detailed findings in support of all of his conclusions." *See Hogan v. Schweiker, id., citing Ramos v. Secretary of Health and Human Services*, 514 F.Supp. 57, 66 (D.P.R.1981). In this case the ALJ has provided no basis for his finding that the plaintiff was not credible, leaving the court unable to determine whether substantial evidence supports the ALJ's view. This is the second reason why this matter must be remanded to the Secretary for further consideration.

█ Finally, the opinion contains a third defect. There is evidence in the record, particularly in the plaintiff's testimony at the administrative hearing, indicating that the plaintiff's use of prescribed medication affects his ability to work. The ALJ noted the evidence but made no findings with regard to it. This court is left to infer that the ALJ did not consider the evidence significant or probative, but it cannot infer his basis or reasoning in this regard. The ALJ must explain what in the record caused him to so discount the significance of the testimony regarding the effects of medication that he did not include it in the analysis of the plaintiff's residual functional capacity.

Upon the foregoing, and pursuant to 42 U.S.C. § 405(g), it is

ORDERED, that the decision of the Secretary is vacated and this matter is remanded for further consideration and proceedings consistent with the views expressed herein.